Rossiter, Respondent, vs. The Ætna Life Insurance Company of Hartford, Connecticut, Appellant.

*May 22 — June 11, 1897.*

*Appealable order: Stay of proceedings: "Injunction."*

A stay of proceedings is not an injunction within the meaning of sec. 2773, R. S. (abolishing the writ of injunction, and substituting therefor "a command to refrain from a particular act"). An

Rossiter vs. The Ætna Life Ins. Co. of Hartford.

order denying such a stay, therefore, is not appealable under the provision of ch. 212, Laws of 1895, allowing an appeal from an order which "grants, refuses, continues, or dissolves an injunction."

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Appeal dismissed.*

This was an action to recover the amount of a policy of life insurance, in which the plaintiff had judgment for the amount claimed, which was reversed by this court, with $227.75 costs, October 22, 1895, and the case was remanded for a new trial. 91 Wis. 121–130. The plaintiff paid the costs of the clerk of this court, $14.75, and, without paying the residue, procured the case to be remitted to the trial court, September 9, 1896, and noticed the cause for trial, and it was placed on the trial calendar accordingly. The defendant, upon affidavit of these facts, and that the remainder of the costs had not been paid as prescribed by S. & B. Ann. Stats. sec. 3072*a*, moved the trial court to strike the cause from the calendar of causes for trial, on account of such nonpayment of costs, and that all proceedings on the part of the plaintiff be stayed until said costs were paid. The court entered an order denying said motion, from which the defendant appealed.

For the appellant there was a brief by *Geo. W. & H. S. Bird*, and oral argument by *Geo. W. Bird*.

For the respondent the cause was submitted on the brief of *H. W. Chynoweth*.

PINNEY, J. In order to sustain its appeal, the appellant is obliged to contend that the order in question is appealable under subd. 3, sec. 3069, R. S., as amended by ch. 212, Laws of 1895, which provides for an appeal " when an order grants, *refuses*, continues, or dissolves an injunction." The argument is, in brief, that as an injunction is defined " as a judicial process, whereby a party is required to do a particular

Rossiter vs. The Ætna Life Ins. Co. of Hartford.

thing, or to refrain from doing a particular thing, according to the exigency of the writ" (2 Story, Eq. Jur. § 861), and as by statute the writ of injunction is abolished and now "is a command to refrain from a particular act" (R. S. sec. 2773), therefore a stay of proceedings, which is defined to be the act "of stopping or arresting a judicial proceeding by order of the court or judge" (Burrill, Law Dict.), is, in substance, an injunction, and the conclusion is thus reached that an order refusing a stay of proceedings in an action is appealable as an order *refusing* an injunction. We have not been referred to any case or work on practice that sanctions such a loose and apparently unwarranted construction of the statute regulating appeals.

An injunction by order, which is a substitute for the judicial writ, operates upon the conduct of the parties and their attorneys, in respect to matters outside of those occurring in the ordinary progress of the action. A stay of proceedings operates in relation to something within the usual course of judicial proceedings, and which the court, by its authority over the parties and their attorneys, can regulate and control without resort to the extraordinary writ of injunction. The fact that the injunction is now by order, instead of writ, does not extend its scope or operation. The language of the statute allowing an appeal, when an order "grants, *refuses*, modifies, or dissolves an injunction," must be aptly restrained to the particular subject matter, and confined to cases of orders which in fact and in effect are within the proper scope of the writ of injunction, as formerly used and regarded as a judicial process. The change in form was not designed to extend or enlarge the scope of the statute in respect to appeals, so as to bring within the special language quoted common orders granting or refusing a stay of proceedings in the ordinary course of the progress of the cause. The use of the language of the statute regulating appeals as to such orders can have only the

The Senour Mfg. Co. vs. Clarke.

same general significance the same language had before the
order was substituted for the writ. The provision in respect
to appeals in such cases deals only with matters which were
formerly within the use and scope of injunction by judicial
writ. The order, in the present instance, is one refusing an
ordinary stay of proceedings in the common course of the
action, and is not appealable.

*By the Court.*— The appeal is dismissed.