653 P.2d 870

FIVE KEYS, INC., a New Mexico corporation, Ray F. Chavez and Stella A. Chavez, Plaintiffs-Appellants,

v.

PIZZA INN, INC., a Texas corporation, Defendant-Appellee.

No. 14118.

Supreme Court of New Mexico.

Nov. 1, 1982.

Thomas F. McKenna, Albuquerque, for plaintiffs-appellants.

Poole, Tinnin & Martin, Richard Yeomans, Albuquerque, for defendant-appellee.

## OPINION

RIORDAN, Justice.

On May 1, 1981, Five Keys, Inc. and Ray and Stella Chavez (Plaintiffs) filed suit against Pizza Inn, Inc. (Defendant) seeking damages and a recission of the parties' Franchise Agreement and Asset Purchase Agreement (Bernalillo County Cause # 81–03139). On May 20, 1981, Defendant filed a motion to compel arbitration as required by the parties' contract. On May 21, 1981, the trial court granted Defendant's motion and *stayed* all further court proceedings.

The dispute between the parties went to arbitration and the arbitration hearing ended on September 3, 1981. On October 25, 1981, an award was made by the arbitrator in favor of Defendant against Plaintiffs. On October 30, 1981, Defendant filed a motion for confirmation of the arbitrator's award and an entry of judgment in Cause # 81–03139. On November 6, 1981, Plaintiffs filed an affidavit of disqualification directed at Judge Madrid in the same cause.

On November 9, 1981, Plaintiffs filed a new cause of action for the modification, correction, clarification and vacation of the arbitration award which was assigned to Judge Franchini (Bernalillo County Cause # 81–07816). On November 24, 1981, the two cases were consolidated by Judge Madrid because "the two actions involve common questions of law and fact, and that consolidation will serve to avoid unnecessary expense and delay." Plaintiffs again attempted to disqualify Judge Madrid by filing a second affidavit of disqualification in Cause # 81–07816. Also, on November 24, 1981, Judge Madrid refused to honor the first affidavit of disqualification as being untimely.

On December 1, 1981, Judge Madrid entered orders confirming the arbitration award, denying Plaintiffs' motion for modification, correction, clarification or vacation of the arbitration award and refusing to honor the second affidavit of disqualifica-

tion. Plaintiffs appeal. We affirm the trial court.

The issues on appeal are:

I. Whether Judge Madrid erred by refusing to honor the affidavits of disqualification.

II. Whether the arbitration award should be vacated because the award did not include findings of fact and conclusions of law, and because the award was not timely made.

## I. *Affidavits of Disqualification*

On May 1, 1981, Plaintiffs filed their complaint. On May 21, 1981, upon motions and after a hearing in which both parties appeared and argued, Judge Madrid *stayed* further proceedings in Cause # 81–03139, pending arbitration. A stay of proceedings is defined as a "temporary suspension of the regular order of proceedings in a cause, by direction or order of the court, usually to await the action of one of the parties in regard to some omitted step or some act which the court has required him to perform as incidental to the suit. * * *" BLACK'S LAW DICTIONARY 1267 (5th ed. 1979); *see Rossiter v. Aetna Life Ins. Co. of Hartford, Conn.*, 96 Wis. 466, 71 N.W. 898 (1897). A stay of proceedings is *not* a dismissal of a suit. *Solarana v. Industrial Electronics, Inc.*, 50 Haw. 22, 428 P.2d 411 (1967).

On October 30, 1981, after the arbitrator's award was granted, Defendant filed a motion in Cause # 81–03139 for confirmation of the arbitrator's award. On November 6, 1981, Plaintiffs filed an affidavit of disqualification directed at Judge Madrid. An affidavit of disqualification of a district judge must be filed before a party has called upon the court to act judicially. *State v. Chavez*, 45 N.M. 161, 113 P.2d 179 (1941). On May 21, 1981, there was a hearing and the parties presented arguments before Judge Madrid concerning whether the parties were required to arbitrate. Judge Madrid acted judicially by granting the motion to require arbitration. Therefore, Plaintiffs' affidavit was not timely filed.

On November 9, 1981, Plaintiffs filed a second cause of action for the modification, correction, clarification and vacation of the arbitrator's award. On November 24, 1981, Judge Madrid consolidated the first cause of action and this second cause of action "on the court's own motion".

N.M.R.Civ.P. 42(a), N.M.S.A.1978 (Repl. Pamp.1980), states:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; *it may order all the actions consolidated;* and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. [Emphasis added.]

■ The consolidation of causes of action is a matter vested solely within the discretion of the trial court. We will not disturb the trial court's decision unless there is a clear abuse of that discretion. *Hanratty v. Middle Rio Grande Conservancy Dist.,* 82 N.M. 275, 480 P.2d 165 (1970), *cert. denied,* 404 U.S. 841, 92 S.Ct. 135, 30 L.Ed.2d 75 (1971). Because the two causes of action are so closely related, we find no abuse of the trial court's discretion in consolidating the two cases.

■ Concerning the second cause of action, Plaintiffs again submitted an affidavit for disqualification of Judge Madrid, which she refused to honor. We hold that Plaintiffs cannot disqualify Judge Madrid by filing a new lawsuit and a new affidavit of disqualification because both causes of action involved the same parties and issues and because Plaintiffs had previously invoked the jurisdiction of the court before attempting to disqualify Judge Madrid in Cause # 81–03139. *See State v. Ericksen,* 94 N.M. 128, 607 P.2d 666 (Ct.App.1980). Therefore, Judge Madrid properly denied the second affidavit of disqualification.

## II. *Arbitration Award*

■ Both parties agree that findings of fact and conclusions of law are not required to be made in an arbitration award unless required by statute or by the parties' agreement. 6 C.J.S. *Arbitration* § 100 (1975). Plaintiffs assert that the arbitrator violated paragraph 17 by failing to make findings of fact and conclusions of law. Paragraph 17 of the parties' contract stated:

Any dispute or controversy arising out of or relating in any way to this Agreement * * * shall be determined by binding arbitration * * *.

\*     \*     \*     \*     \*     \*

(b) The arbitrator designated and acting under this Agreement shall make his award in strict conformity with the rules of the American Arbitration Association and shall have no power to depart from or change any of the provisions hereof, and shall determine the controversy in accordance with the *laws of the State of New Mexico as applied to the facts found by him.*

(c) The *decision* of the arbitrator shall be rendered within forty-five (45) days. * * * [Emphasis added.]

The rules of the American Arbitration Association do not require findings of fact or conclusions of law. *Hale v. Friedman,* 281 F.2d 635 (D.C.Cir.1960); *General Construction Co. v. Hering Realty Co.,* 201 F.Supp. 487 (E.D.S.C.1962). In interpreting the rest of paragraph 17, we look to the rules of contract law. *Christmas v. Cimarron Realty Co.,* 98 N.M. 330, 648 P.2d 788 (1982). Therefore, we will apply the "plain meaning" of the contract language as written in interpreting the terms of the contract. *Id.* Plaintiffs assert that the above emphasized portion of paragraph 17 required the arbitrator to make findings of fact and conclusions of law as ordinarily done in a non-jury trial. We do not find this argument persuasive. In our view, the trial court was correct in denying the motion for modification, correction, clarification or vacation because a reading of paragraph 17 does not exhibit a requirement for findings or conclusions under this "plain meaning" standard. Therefore, we uphold the trial court's refusal to set aside the award for a failure to include findings of fact and conclusions of law.

42

Plaintiffs' final contention is that the award should be vacated because it was untimely made. The Commercial Arbitration Rules of the American Arbitration Association, Sections 41 and 35 (1981), provide:

§ 41 [t]he award shall be made promptly by the Arbitrator * * * no later than thirty days from the date of closing the hearings. * * *

§ 35 * * * [i]f briefs are to be filed, the hearings shall be declared closed as of the final date set by the Arbitrator for the receipt of briefs. * * *

The arbitration hearing ended on September 3, 1981. Briefs to support the parties' respective position were to be filed on September 18, 1981. The arbitrator's award was to be made by October 18, 1981. The award was not made until October 25, 1981. However, no objection was made by Plaintiffs before the announcement of the award.

The Commercial Arbitration Rules of the American Arbitration Association, Section 38 (1981), provides:

[a]ny party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

A party should not be permitted to wait and see whether the arbitrator will rule in his or her favor before asserting his or her objection. *Goble v. Central Security Mutual Insurance Co.,* 125 Ill.App.2d 298, 260 N.E.2d 860 (1970). Therefore, although the award was untimely made, Plaintiffs waived their right to object by waiting until after the award was made.

We affirm the decision of the trial court.

IT IS SO ORDERED.

FEDERICI, J., and FRANK ALLEN, District Judge (sitting by designation), concur.