HIGHFIELD WATER COMPANY *v.* WASHINGTON
COUNTY SANITARY DISTRICT

[No. 29, September Term, 1982.]

*Decided February 22, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Richard N. Foltz, III,* with whom was *Daniel M. Twomey* on the brief, for appellant.

*Kenneth J. Mackley,* with whom were *Mackley, Gilbert & Marks* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

This case involves questions concerning the concurrent jurisdiction of state and federal courts. However, we shall not consider these questions. Rather we shall, on our own motion, vacate the judgment of the Court of Special Appeals because the appeal to that Court was taken from a nonappealable interlocutory order, and not from a final judgment.

Before 1 October 1978, the petitioner, Highfield Water Company (HWC), had supplied water to Highfield, Maryland, an area located in Washington County.[1] On 29 September 1978, the respondent, Washington County Sanitary District (WCSD), filed suit in the Circuit Court for Washington County (Circuit Court) against HWC (injunction suit). The bill of complaint alleged that HWC's operation provided inadequate and unsatisfactory service and constituted a serious menace to the health, safety, and comfort of the public. Additionally, the bill of complaint requested an ex parte injunction authorizing WCSD to begin operating the water system, and preventing HWC from interfering with WCSD's operation. On that same day, the Circuit Court issued such an injunction and on 1 October 1978, WCSD began to operate the water system. That injunction was extended to 31 January 1979.[2]

On 28 September 1979, in the United States District Court for the District of Maryland, HWC filed suit against, among others, WCSD (federal court case). The complaint filed in the federal court contained 12 counts. Count V, Deprivation of

---

1. For a more detailed statement of facts, see Highfield Water Co. v. Public Service Commission, 488 F. Supp. 1176, 1180-85 (D.Md. 1980); Public Service Commission v. Highfield Water Co., 293 Md. 1, 2-7, 441 A.2d 1031, 1032-34 (1982).

2. In a memorandum filed after oral argument, WCSD asserts that on 31 January 1979, the Department of Health and Mental Hygiene filed a suit against HWC and WCSD in the Circuit Court for Washington County. That suit resulted in the issuance of an injunction allowing WCSD to continue operating the water system under essentially the same conditions imposed by the previous injunction. Moreover, according to WCSD, on 16 February 1979, that injunction was extended pending "a final determination of the merits in this action." Additionally, on that day, according to WCSD, it was ordered to file monthly statements of operating expenses and revenues, which it has done, and still continues to do.

The HWC filed a motion to strike WCSD's memorandum. In view of our decision that the appeal must be dismissed, HWC's motion to strike need not be considered here.

Civil Rights (42 U.S.C. § 1983), alleged that, under color of State law, WCSD deprived HWC of its civil rights secured by the United States Constitution through misuse of administrative powers and judicial proceedings that resulted in an unlawful seizure of HWC's property without just compensation. This count sought a declaratory judgment as well as compensatory and punitive damages. Count VIII, Violation of the Fifth and Fourteenth Amendments of the United States Constitution and Maryland Declaration of Rights, Article 24 (formerly 23), alleged that the misuse of administrative powers and judicial proceedings which resulted in an unlawful seizure of HWC's property was tortious and in violation of the Fifth and Fourteenth Amendments and of the Maryland Declaration of Rights. This count also sought a declaratory judgment as well as compensatory and punitive damages. *See Highfield Water Co. v. Public Service Comm'n,* 488 F. Supp. 1176 (D.Md. 1980); *see also Public Service Comm'n v. Highfield Water Co.,* 293 Md. 1, 441 A.2d 1031 (1982) (certified question from United States District Court for the District of Maryland).

On 7 January 1981, WCSD filed a Condemnation Petition in the Circuit Court for Washington County (condemnation case). The HWC responded by filing a Motion Raising Preliminary Objection and Plea in Abatement (motion raising preliminary objection) requesting that the trial court dismiss or stay the condemnation case pending the conclusion of the federal court case. More particularly, HWC claimed, among other things, that "[w]hen the Federal District Courts and the State Courts have *in rem,* or *quasi in rem,* concurrent jurisdiction, the right to maintain exclusive jurisdiction attaches to the tribunal which first exercises it." The HWC concluded that, in the instant case, jurisdiction over the res was initially exercised by the federal court in the federal court case, and, therefore, that the Circuit Court was deprived of jurisdiction in the condemnation case. The trial court denied the motion and ordered HWC to respond on the merits.

Instead of responding on the merits, HWC immediately appealed to the Court of Special Appeals. The WCSD filed a

motion to dismiss the appeal on the ground that it was not taken from a final judgment. The motion to dismiss the appeal was denied. In an unreported opinion, *Highfield Water Co. v. Washington County Sanitary District,* (No. 323, September Term, 1981, filed 23 November 1981), the Court of Special Appeals affirmed the trial court's denial of HWC's motion raising preliminary objection and the trial court's refusal to dismiss or stay the condemnation case.

The HWC filed a petition for a writ of certiorari that we granted. Here, WCSD did not seek to have the appeal dismissed on the ground that there was no final judgment. Nevertheless, because we find that the appeal to the Court of Special Appeals was taken from a nonappealable interlocutory order, and that, therefore, the Court of Special Appeals lacked appellate jurisdiction, we shall on our own motion vacate the judgment of the Court of Special Appeals.

The jurisdiction of this Court, and the Court of Special Appeals, is determined by constitutional provisions, statutory provisions, and rules. Jurisdiction cannot be conferred by consent of the parties. Where appellate jurisdiction is lacking, the appellate court will dismiss the appeal on its own motion. More particularly, where the Court of Special Appeals has entertained an appeal without having jurisdiction to do so, and the case is timely brought to our attention by a petition for a writ of certiorari dealing with the merits of the appeal, we will issue a writ of certiorari and on our own motion consider the jurisdiction of the Court of Special Appeals. *Biro v. Schombert,* 285 Md. 290, 293, 402 A.2d 71, 73 (1979); *Eastgate Associates v. Apper,* 276 Md. 698, 700-01, 350 A.2d 661, 663 (1976); Md. Code (1974, 1980 Repl.Vol.) § 12-301 of the Cts. & Jud.Proc.Art.; Md. Rule 835 a; *see Institutional Management Corp. v. Cutler Computer Concepts, Inc.,* 294 Md. 626, 629, 451 A.2d 1224, 1226 (1982).

Unless an appeal from an interlocutory judgment is expressly provided, an appeal ordinarily must be taken from a final judgment. *King v. State Roads Comm'n,* 294 Md. 236, 240, 449 A.2d 390, 393 (1982); § 12-301 of the Cts. &

Jud.Proc.Art.; *cf.* § 12-303 of the Cts. & Jud.Proc.Art. Maryland Code (1974, 1980 Repl.Vol.) § 12-101 (f) of the Courts and Judicial Proceedings Article provides:

> " 'Final judgment' means a judgment, decree, sentence, order, determination, decision, or other action by a court, including an orphans' court, from which an appeal, application for leave to appeal, or petition for certiorari may be taken."

The statutory definition of "final judgment" in § 12-101 (f) has been explicated by case law. This Court has consistently stated that a judgment or order of a court is final when it determines or concludes the rights of parties or when it denies the parties means of further prosecuting or defending their rights and interests in the subject matter of the proceeding. *Schultz v. Pritts,* 291 Md. 1, 5-6, 432 A.2d 1319, 1322 (1981); *Fred W. Allnutt, Inc. v. Commissioner of Labor & Industry,* 289 Md. 35, 40, 421 A.2d 1360, 1362-63 (1980).

More particularly, this Court has previously held that a trial court's order denying a challenge to its jurisdiction over the subject matter is a nonappealable interlocutory order. Thus, in *Eisel v. Howell,* 220 Md. 584, 155 A.2d 509 (1959), this Court said:

> "The denial of a challenge to the jurisdiction does not settle or conclude the rights of any party or deny him the means of proceeding further. It settles nothing finally. An order which does none of these things is not appealable. Whenever a court makes a disposition or order, it does so on the basis that it has jurisdiction, and if its express announcement of that fact constituted an appealable order, it would be impossible for a court to proceed with the trial of any case in which its jurisdiction was challenged."
> *Eisel,* 220 Md. at 586, 155 A.2d at 510-11 (citations omitted).

Here, HWC's motion raising preliminary objection constituted a challenge to the trial court's jurisdiction over the subject matter. Manifestly, the trial court had jurisdiction to

determine the question of its own jurisdiction. *Sullivan v. Insurance Comm'r,* 291 Md. 277, 281, 434 A.2d 1024, 1026-27 (1981); *Stanley v. Safe Deposit & Trust Co.,* 87 Md. 450, 453-54, 40 A. 53, 54-55 (1898). The trial court's determination that it had jurisdiction over the subject matter did not settle or conclude HWC's rights or deny it the means of proceeding further. Thus, the trial court's refusal to dismiss the condemnation case constituted a nonappealable interlocutory order.

Moreover, the trial court's refusal to stay the condemnation case also constituted a nonappealable interlocutory order. While § 12-303 (c) of the Courts and Judicial Proceedings Article authorizes an immediate appeal from a trial court's denial of an injunction,[3] a trial court's refusal to stay its own proceedings until the conclusion of another court case pending between the same parties ordinarily does not constitute the denial of an injunction. *See, e.g., Castahno v. Jackson Marine, Inc.,* 650 F.2d 546, 548-49 (5th Cir. 1981); *United States v. Georgia Pacific Corp.,* 562 F.2d 294, 296 (4th Cir. 1977); *United States v. Chelsea Towers, Inc.,* 404 F.2d 329, 330 (3d Cir. 1968); *cf. e.g., Andrews v. Southern Discount Co. of Georgia,* 662 F.2d 722, 724 (11th Cir. 1981); *Mottolese v. Preston,* 172 F.2d 308, 309 (2d Cir. 1949); *Rossiter v. Aetna Life Ins. Co. of Hartford, Conn.,* 96 Wis. 466, 468-69, 71 N.W. 898, 898-99 (1897); *Monatt v. Pioneer Astro Indus., Inc.,* 42 Colo.App. 265, 266, 592 P.2d 1352, 1353-54 (1979). *But see, e.g., Microsoftware Computer Systems, Inc. v. Ontel Corp.,* 686 F.2d 531, 536 (7th Cir. 1982); *Medline Indus., Inc. v. Pascal,* 23 Ill.App.3d 346, 348, 319 N.E.2d 310, 312 (1974); *c.f., e.g., Jewell v. Davies,* 192 F.2d 670, 673 (6th Cir. 1951). More particularly, as stated in *Castahno v. Jackson Marine, Inc.,* 650 F.2d 546, 548 (5th Cir. 1981),

---

**3.** § 12-303 provides in pertinent part:

"A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

. . .

"(c) An order:

. . .

"(3) Refusing to grant an injunction. . . ."

*quoting Penoro v. Rederi A/B Disa,* 376 F.2d 125, 128 (2d Cir.), *cert. denied,* 389 U.S. 852, 88 S.Ct. 78 (1967):

"[W]here a court acts to halt proceedings on its own docket, however, that action *'is not an injunction* but merely a calendar order issued under the court's inherent power to regulate the administration of its own business.' " (Emphasis deleted) (emphasis added).

The rationale underlying this rule was expressed as long ago as 1897 in *Rossiter v. Aetna Life Ins. Co. of Hartford, Conn.,* 96 Wis. 466, 468, 71 N.W. 898, 899 (1897). There, the Supreme Court of Wisconsin said:

"An injunction . . . operates upon the conduct of the parties and their attorneys, in respect to matters outside of those occurring in the ordinary progress of the action. A stay of proceedings operates in relation to something within the usual course of judicial proceedings, and which the court, by its authority over the parties and their attorneys, can regulate and control without resort to the extraordinary writ of injunction."

Additionally, the collateral order doctrine is inapplicable to the trial court's refusal to stay the condemnation case because that determination is effectively reviewable. More particularly, as stated in *Peat, Marwick, Mitchell & Co. v. Los Angeles Rams Football Co.,* 284 Md. 86, 94, 394 A.2d 801, 806 (1978):

"[We do not] accept as correct the argument that review upon appeal from a final judgment will be ineffective because [a party] must bear the cost and inconvenience of a trial, harms that a reversal on appeal will not recompense. That [a party] will have to bear such a burden does not present a better case for the effective unreviewability of an order denying disqualification than could be made for all interlocutory orders."

418

Under the circumstances here, the trial court's denial of HWC's motion raising preliminary objection constituted a nonappealable interlocutory order. The Court of Special Appeals lacked appellate jurisdiction. Accordingly, we shall vacate the judgment of the Court of Special Appeals.

> *Judgment of the Court of Special Appeals vacated.*
> *Case remanded to that Court with instructions to dismiss the appeal.*
> *Costs to be paid by petitioner.*