500 A.2d 1039

**Richard H. GILBERT III**

**v.**

**WASHINGTON SUBURBAN SANITARY COMMISSION.**

**No. 3, Sept. Term, 1985.**

Court of Appeals of Maryland.

Dec. 4, 1985.

Cynthia S. Miraglia (David M. LaCivita and Ashcraft & Gerel, on brief), Landover, for appellant.

Sheila D. Collins, Hyattsville, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

COUCH, Judge.

In June, 1983, Richard Gilbert was an employee of Manpower Temporary Services, Inc. (Manpower), a temporary help agency in the business of providing workers on a short term basis to customers for a fee. Gilbert was sent by Manpower to the Washington Suburban Sanitary Commission (WSSC or Commission) to perform routine inventory duties. WSSC is a State agency responsible for supplying water and sewer services to Montgomery and Prince George's Counties.

While performing inventory work on a transformer at the Commission's Rocky Gorge Dam Substation, Gilbert was injured. Manpower provided workmen's compensation protection for Gilbert, and he claimed thereunder.

Subsequently Gilbert filed this negligence action against the WSSC, for the same mishap, in the Circuit Court for Prince George's County. Initially, the WSSC filed a motion to dismiss based on lack of subject matter jurisdiction

pursuant to Md.Rule 2–322(b)(1).[1] WSSC premised the motion on its belief that Gilbert was its employee, thus any remedy for the injury was precluded by the exclusivity provision of the Workmen's Compensation Act (the Act). *See* Md.Code (1957, 1985 Repl.Vol.), Art. 101, § 15 (liability prescribed by the Act shall be exclusive).

Gilbert opposed this motion by contending he was not an employee of the WSSC, that he was a lent employee of Manpower, and that should he be deemed an employee of WSSC he was only a casual employee exempt from the coverage of the Compensation Act. Md.Code, Art. 101, § 21(c)(4).[2] No answer was filed by the WSSC.

Both parties submitted written memoranda in support of their respective positions, as well as affidavits. In its memorandum WSSC claimed it was an employer of Gilbert because it controlled his work site behavior. It also stated in conclusory fashion that Gilbert was not a casual employee.

WSSC also filed a motion to add an additional ground for its motion to dismiss; that is, failure to state a claim upon which relief can be granted. See Md.Rule 2–322(b)(2).[3] This, of course, would allow matters outside the pleading to be presented to the court and the motion to be treated as one for summary judgment and disposed of as provided in

---

**1.** Rule 2–322(b)(1) provides:
 *"Permissive.*—The following defenses may be made by motion to dismiss filed before the answer, if an answer is required: (1) lack of jurisdiction over the subject matter, ...."

**2.** Md.Code, Art. 101, § 21(c)(4) provides in pertinent part:
 "(c) *Exemptions.*—The following employees are exempt from the coverage of this act:

 \*　　\*　　\*　　\*　　\*　　\*

 (4) Casual employees...."

**3.** Rule 2–322(b)(2) states:
 *"Permissive.*—The following defenses may be made by motion to dismiss filed before the answer, if an answer is required: ... (2) failure to state a claim upon which relief can be granted, ...."

Rule 2–501. We have reviewed the record and can discern no ruling on the motion to amend.

In any event the trial judge, at the hearing on the motion to dismiss, without discussing the casual employee issue, ruled that Gilbert was barred from bringing a common law negligence action against the WSSC because he was its employee. WSSC's motion was granted and judgment for costs entered in favor of it.

Gilbert appealed to the Court of Special Appeals. Prior to consideration by that court we issued a writ of certiorari on our own motion.

Irrespective of whether the trial judge implicitly granted WSSC's motion to include the defense of failure to state a claim upon which relief could be granted, or considered only the defense of lack of subject matter jurisdiction, the motion should have been denied. The defense challenging subject matter jurisdiction is unavailing because the Circuit Court has jurisdiction to try the action filed by Gilbert, and the question of workmen's compensation as an exclusive remedy should have been raised as an affirmative defense.[4] This is a significant distinction because a challenge to jurisdiction is resolved by the court, *Highfield Water Co. v. Wash. Co. San.*, 295 Md. 410, 415–16, 456 A.2d 371 (1983), whereas the affirmative defense of exclusivity pursuant to compensation law may properly be determined by a jury when material facts are in dispute. *Whitehead v. Safway Steel Products, Inc.*, 304 Md. 67, 497 A.2d 803 (1985).

If the motion to amend had been granted, the matter is viewed as one falling within the provisions of Md.Rule 2–322(b); the usual rules applicable to summary judgments would come into play. Rule 2–501(e), as it was in effect at the time of the hearing, clearly demonstrates that the trial judge may enter judgment in favor of or against the moving

---

**4.** Maryland Rule 2–323(g) itemizes twenty affirmative defenses, and thereafter provides that "a party may include by separate defense any other matter constituting an avoidance or affirmative defense on legal or equitable grounds."

party if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law. In the present case, all the trial judge had before him was the declaration, the Commission's motion to dismiss, and the two affidavits submitted by the parties. In our view, after reviewing these documents, we believe there exists a dispute of facts material to the question of whether Gilbert was an employee of the Commission. The allegations of the declaration specifically allege that Gilbert was an employee of Manpower who had him contracted out to the Commission; that agents, servants and employees thereof instructed him to gather inventory information at one of the Commission's electrical substations; and that while doing so he received his injury. The Commission's motion baldly stated that Gilbert was its employee and consequently it had immunity from suit because of Art. 101, § 15. The opposing affidavits were such that opposite conclusions could be drawn on the issue. Accordingly, it was improper to have granted the motion to dismiss.

Finally, it is clear that the trial judge never discussed the casual employee issue. Particularly with reference to whether Gilbert was a casual employee, it is critical that the issue be determined since if Gilbert falls in that category he would not come under the Compensation Act, so far as WSSC is concerned, and would be entitled to maintain his common law action.

Accordingly, we vacate the judgment and remand the case for further proceedings. On remand, the threshold issue of whether or not Gilbert was an employee of WSSC should also be reconsidered in light of *Whitehead v. Safway Steel Products, supra. Whitehead,* announced after the decision in the instant case, carefully delineates the proper role of judge and jury in deciding employment issues. We also thoroughly discussed in Whitehead the proper test for determining whether a temporary services worker is to be considered an employee of the company to which he is

provisionally assigned. The lent employee test, raised by Gilbert in opposition to the motion to dismiss, is likewise analyzed.

JUDGMENT VACATED; CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS.

COSTS TO BE PAID BY APPELLEE.

ELDRIDGE, Judge:

I concur in the result only.

RODOWSKY, Judge, concurring.

In *Whitehead v. Safway Steel Products, Inc.*, 304 Md. 67, 497 A.2d 803 (1985), Judge Eldridge wrote an opinion dissenting from "the Court's determination that, as a matter of law, 'a person who is employed by a temporary services agency is also an employee of the company to which he is provisionally assigned.'" 304 Md. at 85, 497 A.2d at 812 (quoting from the Court's statement of the issue, 304 Md. at 70, 497 A.2d at 805). I joined that dissent because, in large part, I read the Court's *Whitehead* opinion as holding that provisional assignment of a worker from a temporary help agency to the agency's customer was sufficient, in and of itself, to make the worker an employee of the agency's customer as a matter of law. *See Whitehead*, 304 Md. at 79–80, 497 A.2d at 809–10 (majority opinion).

The remand of the instant case for factual determinations demonstrates that the agency's customer is not always either the sole employer, or at a minimum a co-employer, of a worker obtained from a temporary help agency. Consequently, the question of law on which *Whitehead* was decided (whether correctly or incorrectly) arose from what the majority must have viewed as undisputed material facts which involved more than simply whether the worker there involved had been provisionally assigned by the temporary help agency to its customer.

I write separately to highlight the significance of today's opinion in relation to *Whitehead,* lest others give the same mistakenly broad reading to *Whitehead* as did I.