EDWARDS, Judge.
This appeal originates from a trial court judgment which homologated and confirmed an arbiter’s award in favor of plaintiffs and against defendants.
This dispute arises from the construction of a $225,000.00 house, owned by the defendants, David and Antoinette Doan, constructed by Frank Anzalone, General Contractor, Inc., and designed by Michael Holly & Associates, as architect. After substantial completion of the house, the Doans refused to pay the final amounts due to Anzalone, Holly and to a alleged subcontractor, McCollum, on the basis of defective workmanship and design. As per their contracts, all parties stipulated and entered into arbitration regulated by the American Arbitration Association (AAA).
On July 25 and August 6, 1985, arbitration hearings were held with all parties attending. On September 6, 1985, the parties’ attorneys filed briefs. According to Rule 41 of the AAA, the award of the arbiter shall be made within thirty (30) days from the filing of the last argument from the parties. The parties, however, agreed to several extensions, the last of which gave the arbiter until December 23, *386 1985 to render a decision. Por various reasons, the award was delayed until April 30, 1986. The overdue award, twenty-five (25) pages in length, granted the plaintiffs’ demands and also awarded interest on the payments withheld by the Doans.
The plaintiffs filed a motion to confirm and homologate the award in their favor. After hearing all testimony and reviewing the award, the trial judge adjudicated the award null, as it was rendered beyond the December 23rd deadline. He then rendered his own judgment in favor of the Doans. Plaintiffs then sought a new trial on the matter, which was granted. At this second hearing, the trial judge reversed his original decision in favor of the Doans and adopted in its entirety, the award of the arbiter. The most compelling reason for doing so was the judge’s determination that the Doans waived their “right to dispute the timeliness of the arbitrator’s award.”
On appeal, the Doans argue that under LSA-C.C. art. 3123, the award is null as it was rendered after the time allowed by the parties. Additionally, Rule 41 of the AAA, provides that the award shall be made within thirty (30) days of the close of the proceedings. The Doans do not state in their brief, Rule 38 of the AAA which reads:
Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state objection thereto in writing, shall be deemed to have waived the right to object.
This is the rule on which the trial judge based his reversal decision. At the hearing on the motion for new trial filed by the plaintiffs, the arbiter introduced a letter signed by all of the parties’ attorneys, dated March 11, 1986, requesting the arbiter to expedite his award in the case. The trial judge concluded that this request by the defendants’ attorney, amounted to a waiver of the right to object to the delay. Additionally, on April 14, 1986, just two weeks before the arbiter made his award, the attorney for the Doans, wrote the AAA and asked that if the office of the arbiter was declared vacant, the defendants did not want new hearings with the new arbiter, but wished to use the existing notes and testimony for a decision.
Although there is sparse Louisiana jurisprudence on the issue of waiving rights in arbitration hearings, the court has found New Mexico jurisprudence on point. In Five Keys, Inc. v. Pizza Inn, Inc., 99 N.M. 39, 42, 653 P.2d 870, 873 (1982), an identical issue was presented. The New Mexico Supreme Court held:
A party should not be permitted to wait and see whether the arbitrator will rule in his or her favor before asserting his or her objection. Globe v. Central Security Mutual Insurance Co., 125 Ill.App.2d 298, 260 N.E.2d 860 (1970). Therefore, although the award was untimely made, Plaintiffs waived their right to object by waiting until after the award was made. We affirm the decision of the trial court.
Also, in Bryant v. Levy, 52 La.Ann. 1649, 28 So. 191 (1900), the loser in an arbitration sought to annul the award by alleging that the arbitrators had violated their rights by excluding their attorneys from the hearings. The court dealt with that exception summarily by stating:
On this point we find that the plaintiffs acquiesced by their conduct. During the many days and weeks the board held its sessions, the witnesses were examined, documents and papers were offered in evidence, and not the least objection was raised by the plaintiffs on the ground that their attorneys had been excluded. Having remained silent, not the least complaint having been made to the court on that ground, and having taken the chances of an award in their favor, they were estopped by their conduct.
Bryant, 28 So. at 195.
We conclude that by having agreed to abide by the rules of the AAA, the defendants herein, waived their rights to challenge the final award rendered by the arbiter by not objecting to the delay until after it was rendered against them. This is a fair and equitable interpretation of the law and issue before us.
*387 A complete review of the arbiter’s report and award reveals no irregularities or gross errors of judgment on his part and we will not disturb his findings of fact on appeal.
For the foregoing reasons, the decision as rendered by the trial judge upholding the arbiter’s award is affirmed. All costs of this appeal are to be taxed to the defendants, David and Antionette Doan.
AFFIRMED.