This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**GEORGE SEDILLO,**

Plaintiff-Appellant,

v.                                                          **NO. 35,636**

**NEW MEXICO CHILDREN,**
**YOUTH & FAMILIES DEPARTMENT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie A. Huling, District Judge**

Law Offices of E. Justin Pennington
E. Justin Pennington
Albuquerque, NM

for Appellant

Robles, Rael and Anaya, P.C.
Douglas E. Gardener
Christina E. Anaya
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1} Plaintiff is appealing from a district court order dismissing his motion to compel arbitration and alternative complaint for breach of employment contract. We issued a calendar notice proposing to reverse. CYFD has responded with a memorandum in opposition. Not persuaded, we reverse the district court. Plaintiff was a juvenile corrections officer employed by CYFD. He was a classified employee, and subject to a collective bargaining agreement (CBA). Under the State Personnel Act, a party to a CBA who is fired may either appeal the dismissal to the Personnel Board, or make an irrevocable election to arbitrate the matter pursuant to the CBA. NMSA 1978, § 10-9-18(H) (2009). Plaintiff chose to arbitrate, and under the terms of the CBA he is represented by the union, which, under the terms of the CBA, has seven days to request a panel of arbitrators from an approved list. [RP 36] The union failed to select arbitrators within the time set by the CBA, and CYFD subsequently refused to participate in arbitration proceedings. As a result, Plaintiff filed a motion in district court to compel arbitration, or alternatively to pursue a breach of the employment contract claim. [RP 1] CYFD filed a motion to dismiss. [RP 20] The district court granted the motion based on the straightforward rationale that the seven-day deadline was the equivalent of a jurisdictional requirement.

{2} As we observed in our calendar notice, CBA's are interpreted like any other contracts. *See Christmas v. Cimarron Realty Co.,* 1982-NMSC-079, ¶ 8, 98 N.M. 330,

648 P.2d 788. The district court's bright-line rule on the seven-day deadline was in effect a determination that the CBA was not ambiguous, in that an employee will lose the right to challenge his dismissal if he elects arbitration and there is a failure to select arbitrators within the deadline. In the absence of language in the CBA specifically addressing the issue of what happens when the deadline is not met, the CBA is ambiguous. In addition, our calendar notice proposed to hold that the district court's sanction (dismissal) for the failure to meet the seven-day deadline was too severe. *Cf. Marshall v. Providence Wash. Ins. Co.*, 1997-NMCA-121, ¶ 29, 124 N.M. 381, 951 P.2d 76 (describing dismissal as a "severe" sanction to be used in "extreme" circumstances).

{3}    In its memorandum in opposition, CYFD notes that this Court has held that, where a CBA calls for the union to represent an employee in these type of proceedings, and the union breaches its duty to effectuate the employee's rights, the remedy is for the employee is to pursue a "hybrid suit." *Howse v. Roswell Independent School Dist.*, 2008-NMCA-095, ¶ 16, 144 N.M. 502, 188 P.3d 1253. In a hybrid suit, the employee joins the union as a separate defendant, wherein the employee may prove that the union breached its duty, thereby allowing the suit against the employer to proceed. In *Howse*, the employee chose to pursue her grievance exclusively through the union. *Id*. ¶ 4. Here, Plaintiff's private counsel made the irrevocable selection of

3

arbitration. [District Court Order, RP 90, ¶ 2] The CBA contemplates that an employee may assume the burden of representation. [RP 90-91, ¶ 8] As such, we believe that Plaintiff's failure to pursue the "hybrid" approach does not prevent him from maintaining the arbitration action, but instead means that he has waived union representation. We are therefore left with his failure to satisfy the seven-day deadline, and we conclude that dismissal of the action was too extreme.

{4}     For the reasons set forth above, we reverse and remand to permit the district court to fashion a remedy with respect to the selection of the arbitrators.

{5}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**STEPHEN G. FRENCH, Judge**