This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39845**

**FREDERICK GARCIA,**

      Plaintiff-Appellee,

v.

**NEW MEXICO HUMAN
SERVICES DEPARTMENT,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Marci E. Beyer, District Judge**

Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellee

Mynatt Martínez Springer P.C.
Blaine T. Mynatt
Alan J. Dahl
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** The New Mexico Human Services Department (HSD) appeals the district court's denial of its motion to dismiss and compel arbitration. We reverse.

## BACKGROUND

**{2}** The material facts surrounding this interlocutory appeal are not in dispute. Plaintiff Frederick Garcia is an employee of HSD and a member of the American Federation of State, County and Municipal Employees, Council 18 (the Union). The relationship between Plaintiff and HSD is governed in part by a collective bargaining agreement (the CBA) made between the State and the Union. Article 14 of the CBA provides a grievance and arbitration procedure, stating in relevant part:

> **Section 1. Scope**
> A.     Allegations of violation, misapplication, or misinterpretation of this [CBA] . . . shall be subject to this negotiated grievance procedure.
>
> . . . .
>
> C.     In accordance with the Personnel Act NMSA [1978, Section] 10-9-18 [(2009)], an employee who has completed the probationary period and has been dismissed, demoted, or suspended has the right to an appeal. The employee may have the appeal decided by the State Personnel Board [SPB] in accordance with SPB Regulations or may make an irrevocable election to have the appeal decided by an [a]rbitrator, but not both.
>
> . . . .
>
> **Miscellaneous – Grievance Arbitration**
>
> . . . .
>
> 4.     The issue of non-grievability may be properly raised at any step of the grievance procedure. The arbitrator shall decide all issues regarding the grievability of grievances.

The CBA also contains Article 39, which provides protection for whistleblowers:

> Employees shall have the right, without interference or fear of penalty or reprisal, to disclose in good faith to internal auditors, [i]nspectors [g]eneral, or other appropriate governmental authorities information that may evidence improper governmental activity . . . or conditions that may threaten the health or safety of employees or the public.

**{3}** Plaintiff testified against HSD in a lawsuit in April 2016, was served with a notice of contemplated action of termination in August 2019, and was subsequently demoted in October 2019. In November 2019, Plaintiff elected to grieve his demotion through irrevocable arbitration. In February 2020, before arbitration had occurred, Plaintiff filed this lawsuit alleging that HSD had violated the Whistleblower Protection Act (WPA), NMSA 1978, §§ 10-16C-1 to -6 (2010). HSD filed a motion to dismiss and compel arbitration, arguing that Plaintiff's lawsuit must be dismissed because the scope of his

arbitration included his claim of whistleblower retaliation. Plaintiff responded that he was entitled to bring a separate lawsuit under the WPA because the CBA does not allow him to present his WPA claim at arbitration, and the plain language of the WPA allows him to bring a WPA claim at the district court in addition to his grievance in arbitration.

**{4}**     The district court denied HSD's motion to dismiss and compel arbitration, finding that Plaintiff's whistleblower claim was distinct from the arbitration of his demotion and that he should be permitted to pursue both his WPA lawsuit in district court and his pending grievance in arbitration. This appeal followed.

## DISCUSSION

## Standard of Review

**{5}**     "We apply a de novo standard of review to a district court's denial of a motion to compel arbitration." *Peavy ex rel. Peavy v. Skilled Healthcare Grp., Inc.*, 2020-NMSC-010, ¶ 9, 470 P.3d 218 (internal quotation marks and citation omitted). We must interpret the CBA to resolve this appeal, which we also review de novo. *See Hunt v. Rio at Rust Centre, LLC*, 2021-NMCA-043, ¶ 12, 495 P.3d 634 ("We review questions of contractual interpretation de novo."). We apply New Mexico contract law when interpreting and constructing an arbitration agreement. *Id.*

**{6}**     Because Plaintiff also argues that the plain language of the WPA permits him to bring his separate lawsuit, we must as well interpret the WPA. Statutory interpretation is a question of law that we review de novo. *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 10, 309 P.3d 1047.

## The CBA

**{7}**     HSD argues that Plaintiff's WPA claim is duplicative of his demotion challenge that he has elected to irrevocably arbitrate, and that permitting Plaintiff to bring his WPA claim while arbitration is pending allows Plaintiff to avoid his obligations under the CBA. Plaintiff responds that the CBA does not affirmatively state that he has a right to grieve retaliation under the WPA and instead only permits grieving his demotion for just cause. Upon review of the CBA, we disagree.

**{8}**     Under New Mexico's Uniform Arbitration Act, "[a]n agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." NMSA 1978, § 44-7A-7(a) (2001). When interpreting an arbitration clause, "courts will apply the plain meaning of the contract language as written." *Christmas v. Cimarron Realty Co.*, 1982-NMSC-079, ¶ 8, 98 N.M. 330, 648 P.2d 788. "The terms of the arbitration agreement define the scope of the jurisdiction, conditions, limitations and restrictions on the matters to be arbitrated." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 16, 296 P.3d 478 (alteration, internal quotation marks, and citation omitted). "A CBA should be held to

include the right to arbitrate a specific grievance not expressly excluded by its terms, and doubt should be resolved in favor of arbitration." *Luginbuhl v. City of Gallup*, 2013-NMCA-053, ¶ 21, 302 P.3d 751 (alteration, internal quotation marks, and citation omitted).

**{9}** The CBA gives Plaintiff the right to make an irrevocable election to appeal his demotion to an arbitrator, which Plaintiff has done. Here, because Plaintiff is appealing his demotion for just cause, the alleged retaliation that occurred due to his whistleblowing, should he choose to raise the issue, necessarily factors into his grievance that his demotion was not supported by just cause, and was instead animated by an impermissible basis under the CBA.[1]

**{10}** The CBA additionally contains a broad arbitration provision, stating that "[a]llegations of violation, misapplication, or misinterpretation of this [a]greement . . . shall be subject to this negotiated grievance procedure." Importantly, Article 39 of the CBA provides employees with whistleblower protection, stating that employees shall have the right to disclose information to "appropriate governmental authorities" that "may evidence improper governmental activity . . . or conditions that may threaten the health or safety of employees or the public." Thus, per the plain language of the CBA, Plaintiff has the ability to grieve retaliation for whistleblowing, for such retaliation would violate Article 39. To the extent Plaintiff contends he cannot grieve this issue at all, he may raise the issue of grievability with the arbitrator, for the CBA provides that "[t]he issue of non-grievability may be properly raised at any step of the grievance procedure." While the scope of this pending arbitration—if the parties have yet determined the scope—is not part of our record, the CBA provides Plaintiff with a mechanism for expanding the scope of his arbitration to include his whistleblower claim, both through Article 39 and the CBA's grievance arbitration provision directing the arbitrator to "decide all issues regarding the grievability of grievances." *See Horne*, 2013-NMSC-004, ¶¶ 24-29 (holding that the arbitration agreement provided the employee with a mechanism to determine the scope of arbitration and that the employee failed to present questions of scope with the arbitrator, thereby precluding his subsequent lawsuit arising from the same underlying incident).

**{11}** We, therefore, hold that the CBA allows Plaintiff to present his whistleblower allegations under the plain language of the agreement. We now address whether the WPA allows Plaintiff to bring a separate lawsuit independent of his arbitration proceedings.

---

[1] Plaintiff contends that the terms of the CBA prevent the admission of any evidence relating to retaliation or a violation of the WPA. The CBA states that, with respect to disciplinary appeals, "[t]he [a]rbitrator shall admit evidence relevant only to those allegations against the employee included in both the notice of contemplated action and the notice of final action." Should Plaintiff raise retaliation as a defense, to demonstrate no "just cause" supports his demotion, the arbitrator may determine whether the circumstances of the alleged retaliation are "relevant" to the allegations against Plaintiff in the notice of contemplated action and notice of final action. If Plaintiff disagrees with the arbitrator's determination, he may appeal to the district court. *See* § 10-9-18(G), (H).

**The WPA**

**{12}** Plaintiff argues that the plain language of the WPA allows him to bring a separate lawsuit independent of arbitrating his demotion because the WPA provides remedies that are not exclusive and in addition to other remedies provided by law. HSD contends that the WPA does not allow an employee to circumvent a binding agreement to arbitrate. We agree with HSD and explain.

**{13}** Our primary goal when interpreting statutory language is "to give effect to the Legislature's intent." *Rutherford v. Chaves Cnty.*, 2003-NMSC-010, ¶ 11, 133 N.M. 756, 69 P.3d 1199. When interpreting a statute, we first look to its plain language and give the words their ordinary meaning, unless the Legislature indicates a different one was intended. *See Baker*, 2013-NMSC-043, ¶ 11 ("We use the plain language of the statute as the primary indicator of legislative intent." (alterations, internal quotation marks, and citation omitted)).

**{14}** The WPA states that "[t]he remedies provided for in the Whistleblower Protection Act are not exclusive and shall be in addition to any other remedies provided for in any other law or available under common law." Section 10-16C-4(C). We previously examined this provision and held that this language "allows a plaintiff to state a WPA claim alongside a claim under any other law." *Herald v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-104, ¶ 27, 357 P.3d 438. Stating a claim alongside other claims is distinct from pursuing a claim in a separate forum, which is what Plaintiff is attempting to do by electing to arbitrate his demotion while simultaneously filing a separate lawsuit in district court.[2] Stated differently, nothing in *Herald* or Section 10-16C-4(C) references any right to bring an action under the WPA in a circumstance where a plaintiff is bound to arbitration under a CBA, and irrevocably opts to arbitrate his or her claims under the CBA.

**{15}** It is well settled that parties may contract to arbitrate or otherwise limit their ability to bring litigation on certain issues so long as this limitation is not unconscionable and oppressive. *See Strausberg v. Laurel Healthcare Providers, LLC*, 2013-NMSC-032, ¶ 44, 304 P.3d 409 ("A showing of unconscionability may render an otherwise valid contract voidable, revocable, and unenforceable."). Here, the CBA limits the manner in which an employee can grieve violations of the agreement or appeal demotions, and Plaintiff does not challenge these provisions as unconscionable and oppressive. These limitations therefore preclude Plaintiff from filing a WPA lawsuit on a claim that stems from the same conduct that both forms the basis for appealing his demotion and could constitute a separate and grievable violation of Article 39 of the CBA. *See* § 44-7A-7(a) (stating an agreement to submit a controversy to arbitration is valid and enforceable

---

[2]To the extent that Plaintiff argues that this case is similar to *Rabatin v. Governing Board Gordon Bernell School*, A-1-CA-35708, mem. op. (N.M. Ct. App. May 7, 2019) (nonprecedential), we disagree. *Rabatin* is an unpublished, nonprecedential opinion that states an individual does not need to exhaust his remedies under the State Personnel Act in order to file a WPA claim. *Rabatin*, A-1-CA-35708, mem. op. ¶ 14. *Rabatin* does not involve an arbitration agreement or any other contractual limitation on the forum for bringing suit on certain types of grievances.

unless legal or equitable grounds exist for revoking the agreement). "Parties to a contract agree to be bound by its provisions and must accept the burdens of the contract along with the benefits." *United Props. Co. v. Walgreen Props., Inc.*, 2003-NMCA-140, ¶ 10, 134 N.M. 725, 82 P.3d 535 (internal quotation marks and citation omitted). Therefore, we hold that Plaintiff is not permitted to file a separate WPA lawsuit addressing conduct that is within the scope of the CBA, and would circumvent a contract requiring arbitration.

**CONCLUSION**

**{16}** For the reasons stated above, we reverse the district court's order.

**{17}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**KATHERINE A. WRAY, Judge**