658 A.2d 1102

James **OSBORN**

v.

Timothy **BUNGE** et al.

**No. 137, Sept. Term, 1994.**

Court of Appeals of Maryland.

May 30, 1995.

398

David K. Bowersox (Hoffman, Comfort, Galloway & Offutt, on brief), Westminster, for appellant.

Lee B. Rauch (Kenneth P. Niman, argued, Kaplan, Heyman, Greenberg, Engelman & Belgrad, P.A., all on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RODOWSKY, Judge.

We issued the writ of certiorari in this workers' compensation case to determine the operation of what the parties refer to as the "small farmer exemption" under Maryland Code (1991), § 9–210(b) of the Labor and Employment Article (LE).[1] We are unable to reach this question, however, because there is no final judgment.

---

1.  In order for a farm worker to be a covered employee under the Workers' Compensation Act, the employing farmer must have "(i) at least 3 full-time employees; or (ii) an annual payroll of at least $15,000 for full-time employees."

Appellee, Timothy Bunge (Bunge), filed a claim with the Workers' Compensation Commission (the Commission) alleging that on June 21, 1991 he sustained a compensable injury while employed by the appellants, James Osborn and Sharon Osborn (the Osborns), to work on their farm. The Osborns are a non-insured employer. Bunge's claim came on for hearing before the Commission on the following issues:

"1) Does Maryland law exempt small agricultural employers?

"2) Did the claimant sustain an accidental injury arising out of and in the course of employment?

"3) Is the disability of the claimant the result of an accidental injury arising out of and in the course of employment?

"4) Temporary total disability?

"5) Average weekly wage?"

By its written decision of June 3, 1992 the Commission found "on the first issue that the Employer is exempt from the Workers' Compensation Law under LE 9–210 and, therefore, the above-entitled claim is disallowed."

The Commission's written decision then set forth the following two paragraphs:

"The Commission further finds that if, on appeal, the finding is reversed, then the Workers' Compensation Commission finds that the claimant sustained an accidental injury arising out of and in the course of employment on June 21, 1991, and that the disability of the claimant is the result of the aforesaid accidental injury; and as a result thereof, he was temporarily totally disabled from June 28, 1991 to date and continuing. Average Weekly Wage-$420.00

"It is, therefore, this 3rd day of JUNE, 1992 by the Workers' Compensation Commissioner ORDERED that the claim filed in the above entitled case by Timothy Bunge, claimant, against the above named non-insured employer, be

and the same is hereby DISALLOWED pursuant to Section LE 9–210...."

Bunge timely noted an appeal to the Circuit Court for Frederick County, and the Osborns timely noted an appeal to that court as well. In their petition for cross appeal the Osborns requested the circuit court to "reverse the June 3, 1992 decision" of the Commission on each of the issues numbered two through five by the Commission.

Both parties filed motions for partial summary judgment in the circuit court respectively seeking a favorable determination on the exemption issue. The court's ruling on those motions is embodied in a docket entry of July 22, 1994 that the Osborns argue can constitute the final judgment in this action. The docket entry reads:

"[Court order] filed that [the Osborns'] motion for summary judgment be denied; and it is further ordered that [Bunge's] cross-motion for summary judgment be granted; and that the finding of the Workers' Compensation Commission that the employer is exempt from the Workers' Compensation Law under LE 9–210 be reversed; and that this case proceed to trial as scheduled on the issues raised by [the Osborns] in their cross-appeals from the decision of the Workers' Compensation Commission."

The Osborns noted an appeal to the Court of Special Appeals, and we issued the writ of certiorari prior to consideration of the matter by the intermediate appellate court.

In his brief in this Court, Bunge has included a motion to dismiss the appeal on the ground that there is no final judgment. It is clear that the order of the circuit court has not terminated the action in that court. Indeed, the order expressly contemplates further proceedings on the issues raised by the Osborns' appeal.

In opposition to the motion to dismiss the Osborns advance three arguments. First, they say that the portion of the Commission's determination expressing findings on issues two through five is a nullity. Second, they ask this Court to exercise its discretion under Maryland Rule 8–602(e)(1)(C) to

enter a final judgment on its own initiative, on the theory that the circuit court had discretion to direct the entry of a final judgment pursuant to Rule 2–602(b). Third, the Osborns submit that the collateral order doctrine applies.

There is a certain lack of grace in the Osborns' first contention. They argue to us that the only operative portion of the Commission's order was the finding of exemption and the denial of compensation. They say that the "provisional findings" by the Commission are "abstract, advisory statements" that are "moot and non-justiciable." Appellants' Response to Motion to Dismiss and Reply Brief at 4–5. The difficulty with these contentions is that the docket in the circuit court does not reflect any disposition of the issues generated by the Osborns' appeal. Essentially they ask us to look behind the docket entries and determine that their appeal to the circuit court was improper because it challenges statements in the Commission's written decision as distinguished from the portion thereof that is operative as an order.[2]

Pursuant to Maryland Rule 2–601(b) a judgment is entered by the clerk's "making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court. . . ." Where the clerk, following the entry on the docket of the grant of a motion for summary judgment, added the sentence, "Order to be filed," the judgment was not final even though the transcript of the summary judgment hearing reflected that the trial judge intended that the ruling be final and that no written order evidencing the ruling need be prepared and filed. *Waller v. Maryland Nat'l Bank*, 332 Md. 375, 631 A.2d 447 (1993).

---

2. It appears from materials included by the Osborns as an appendix to their reply brief that the Commission, at the request of Bunge and over the opposition of the Osborns, passed an "amended order" dated November 18, 1994 stating that its former finding of exemption was "rescinded and annulled." The Commission also

"ORDERED that the [Osborns are] subject to the Act; and further ORDERED that in all other respects, the Order dated June 3, 1992, be and the same is hereby AFFIRMED. . . ."

The effect of the "amended order" is not before us.

Similarly, where, under legal analysis, trial rulings and a jury verdict had mooted a third party claim for contribution or indemnity, but the third party claim remained open and undisposed of on the docket, there was no final judgment. *Estep v. Georgetown Leather Design,* 320 Md. 277, 577 A.2d 78 (1990). In the instant matter, if we assume, *arguendo,* that the provisional findings of the Commission had no effect and could not be the basis of a legally recognized appeal, there still is no final judgment. The cross appeal remains open on the docket, without any court order of dismissal (or voluntary dismissal) based on what the Osborns now say is the cross appeal's lack of validity.

Nor can this Court certify the partial summary judgment on the exemption issue as a final judgment. This Court's power is limited to cases in which certification may be granted under Rule 2–602, and Rule 2–602 cannot be used to certify less than an entire claim. *See Planning Board v. Mortimer,* 310 Md. 639, 649, 530 A.2d 1237, 1242 (1987). In the case before us Bunge's claim for compensation is the only claim in the action.

*Potter v. Bethesda Fire Dep't, Inc.,* 302 Md. 281, 487 A.2d 288 (1985), is on point. In that workers' compensation case a salaried fire fighter sought to appeal from a partial summary judgment in which the circuit court had ruled that the employer and insurer were entitled to a credit against any award of compensation in the amount of the disability retirement benefits that the claimant was receiving. Other issues, including the extent of disability, remained undecided in the circuit court. We said that "[t]here was but one claim for relief in this case, an appeal from the Workmen's Compensation Commission. The fact that the appeal raised more than one issue makes no difference." *Id.* at 286, 487 A.2d at 290.

Finally, this matter is not one to which the collateral order doctrine applies. The doctrine permits immediate appeal of a narrow class of orders which are treated as final judgments without regard to the posture of the case. *Montgomery County v. Stevens,* 337 Md. 471, 477, 654 A.2d 877, 880

(1995). An order must satisfy the four requirements set forth below in order to be appealable under this exception to the ordinary operation of the final judgment requirement:

(1) it must conclusively determine the disputed question;

(2) it must resolve an important issue;

(3) it must be completely separate from the merits of the action; and

(4) it must be effectively unreviewable on appeal from a final judgment. *Id.*

■ Here, nothing prevents effective appellate review of the circuit court's ruling on the small farmer exemption issue after final judgment has been entered.

The Osborns cite *Mandel v. O'Hara*, 320 Md. 103, 576 A.2d 766 (1990), in which we held that "a Governor of Maryland enjoys an absolute immunity from liability for damages for nonconstitutional torts based on the approval or veto of legislative enactments." *Id.* at 134, 576 A.2d at 781 (footnote omitted). We then held that the collateral order doctrine applied to the appeal before us "[b]ecause absolute immunity carries with it the right to avoid trial as a party defendant [so that] review after final judgment will not protect the right." *Id.* The Osborns submit that they, similarly, have a right to avoid trial.

LE § 9–210 does not confer an absolute immunity from suit. It is no more than an application of the ordinary legislative function of drawing a line to determine the scope of an enactment, here, the scope of the obligation to provide workers' compensation. Compare *Parrott v. State*, 301 Md. 411, 421, 483 A.2d 68, 73 (1984) (claimed violation of the prohibition against double jeopardy falls within the collateral order doctrine because "the double jeopardy clause 'guarantee[s] against being twice put to *trial* for the same offense'" (quoting *Abney v. United States*, 431 U.S. 651, 661, 97 S.Ct. 2034, 2041, 52 L.Ed.2d 651, 661 (1977)) (emphasis in original)).

■ In further support of applying the collateral order doctrine here, the Osborns point out that, if they are required to pay compensation to Bunge based on the ruling of the circuit court, and that ruling is ultimately reversed on an appeal from a final judgment of the circuit court, they have no right to restitution of the amounts erroneously paid as compensation. *See St. Paul Fire & Marine Ins. Co. v. Treadwell,* 263 Md. 430, 283 A.2d 601 (1971). The rule to which the Osborns point ordinarily is applicable to all employers in all compensation cases. The no-restitution rule is not unique to employers who unsuccessfully invoke the "small farmer exemption." In *St. Paul Fire & Marine Ins. Co.,* Judge McWilliams, writing for the Court, invited the General Assembly to enlighten this Court if it were mistaken in adopting the no-restitution rule. During the near quarter-century following that decision, the General Assembly has not changed the rule. Thus, the Osborns' no-restitution spin on the "small farmer exemption" issue is not an "important question," for purposes of the collateral order doctrine.

In any event, a holding that, because of the no-restitution rule, an employer's defense will escape review if review is postponed until after final judgment would obliterate the final judgment rule in all workers' compensation cases. It would permit piecemeal appeals where employers raise complete defenses, such as, contentions that there was no accidental injury or that the injury did not arise out of and in the course of employment.

For the foregoing reasons the motion to dismiss the appeal is granted.

*APPEAL DISMISSED. CASE REMANDED TO THE CIRCUIT COURT FOR FREDERICK COUNTY FOR FURTHER PROCEEDINGS. COSTS TO BE PAID BY THE APPELLANTS.*