801 A.2d 1013

Kathie M. GRUBER

v.

David GRUBER.

No. 115, Sept. Term, 2001.

Court of Appeals of Maryland.

June 20, 2002.

Barbara E. Palmer (Steven L. Gonzales of Karp, Frosh, Lapidus, Wigodsky & Norwind, P.A., Rockville) on brief, for petitioner.

William M. Ferris (Krause & Ferris, Annapolis) on brief, for respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL, and LAWRENCE F. RODOWSKY, (retired, specially assigned), JJ.

RAKER, J.

This case is a custody dispute involving an appeal from an interlocutory order entered in the Circuit Court for Anne Arundel County in which the court ruled that it had jurisdiction to determine the custody of the parties' minor child. The court found that Maryland was the child's home state and the most convenient forum to decide the custody issue. Prior to this ruling, a court in Tennessee ruled that Tennessee was the

child's home state and the most convenient forum to determine the custody issue. The Court of Special Appeals held that the Circuit Court in Maryland erred in assuming jurisdiction without first considering Mr. Gruber's argument that the Maryland court should have declined to exercise jurisdiction because Ms. Gruber engaged in reprehensible conduct. *Gruber v. Gruber*, 141 Md.App. 23, 784 A.2d 583 (2001). We granted *certiorari* to consider the following questions:

"1. Whether, by suggesting that 'only in the most extraordinary circumstances' should a parent that has purportedly engaged in 'reprehensible conduct' be allowed to obtain relief from a Maryland court, the Court of Special Appeals has improperly deprived the Circuit Court of the discretion to exercise jurisdiction over a custody dispute as permitted under § 9–208.[1]

2. Whether a temporary decree entered in another state after a party has applied for custody in Maryland constitutes an 'existing decree' under § 9–208."

*Gruber v. Gruber*, 367 Md. 722, 790 A.2d 673 (2002). Unfortunately, we shall not be able to consider these issues because the order entered in the Circuit Court was not a final judg-

---

1. Setting out the circumstances when a court may decline jurisdiction in custody matters, Maryland Code (1957, 1999 Repl. Vol., 2001 Supp.) § 9–208 of the Family Law Article provides as follows:

(a) No existing decree.—If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct, the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

(b) Existing decree.—Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody. If the petitioner has violated any other provision of a custody decree of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances.

(c) Assessments of expenses and fees.—In appropriate cases, a court dismissing a petition under this section may charge the petitioner with necessary travel and other expenses, including attorneys' fees, incurred by other parties or their witnesses.

ment and is not an immediately appealable interlocutory order.

## I.

Kathie M. Gruber, petitioner, and David Gruber, respondent, were married in Tennessee on November 23, 1998. They had one child, Katarina, who was born May 5, 1999. Ms. Gruber left the marital home with Katarina on March 18, 2000. She told Mr. Gruber that they would speak about the status of their relationship six months later.

On March 21, 2000, Ms. Gruber returned to Maryland, where she had lived before moving to Tennessee. During the ensuing months, Mr. and Ms. Gruber communicated via email. In these exchanges, Mr. Gruber expressed hope of reconciliation and inquired as to how Ms. Gruber felt about the future of the relationship. Ms. Gruber was unwilling to state her feelings about reconciliation.

On June 7, 2000, Ms. Gruber filed a complaint for custody and other appropriate relief in the Circuit Court for Anne Arundel County. She did not inform Mr. Gruber that she had filed the complaint or that she wanted a divorce until September 26, six months and five days after she and Katarina arrived in Maryland. On October 11, she filed an amended complaint seeking both divorce and custody. In the amended complaint, Ms. Gruber contended that the Circuit Court should assume jurisdiction for the reasons stated in the first complaint and because Katarina had been living in Maryland for six months.

The amended complaint was served on Mr. Gruber when he was in Maryland attempting to visit Katarina. On October 18, 2000, Mr. Gruber filed a complaint for divorce and sole custody of Katarina in the Circuit Court of Tennessee for the 30th Judicial Division at Memphis. The same day, the Clerk of the Tennessee court issued the following order:

"[T]hat a hearing be held on the 8th day of November, 2000, 9:30 a.m., to determine the temporary custody of the minor child and that pending such hearing a Temporary Restrain-

ing Order shall issue commanding that the minor child shall be returned to her home in Shelby County until further Orders of the Court and that Plaintiff shall have immediate ex parte custody until further hearing."

Despite the order issued by the Tennessee court, on November 2, 2000, Mr. and Ms. Gruber appeared in the Circuit for Anne Arundel County for an emergency hearing on custody of Katarina. Prior to the hearing, the parties met with a family coordinator and reached an agreement as to custody. Under the agreement, Mr. Gruber's argument for Tennessee jurisdiction was not prejudiced, and the parties had pendente lite joint legal and physical custody subject to a specific visitation schedule for Mr. Gruber. Mr. Gruber's attorney read the agreement into the record, and the court asked him to prepare a written order containing the agreement.

Instead of preparing the order, on November 6, 2000, Mr. Gruber filed a motion to dismiss or, in the alternative, change of venue. On November 8, Mr. Gruber filed a motion to revoke his consent and for immediate hearing regarding jurisdiction. He argued that Ms. Gruber had not acted in good faith following the November 2, 2000 agreement. Nonetheless, on November 20, 2000, the Circuit Court entered an order that mirrored the agreement set out by the parties on November 2.

Throughout the next three months, the parties argued over which court should have jurisdiction. On March 30, 2001, in the Circuit Court for Anne Arundel County, Judge Cawood filed an opinion and order stating that Maryland was the child's home state and that the Circuit Court for Anne Arundel County "would assume jurisdiction of this matter."

On April 25, Mr. Gruber noted an appeal to the Court of Special Appeals from the Circuit Court order assuming jurisdiction. Mr. Gruber argued that the interlocutory order of the Circuit Court deprived him of the care and custody of his daughter and was therefore immediately appealable pursuant to Maryland Code (1957, 1998 Repl.Vol., 2001 Supp.) § 12–

303(3)(x) of the Courts and Judicial Proceedings Article.[2] He reasoned that but for the order by the trial judge in the instant matter assuming jurisdiction, he would have custody of his daughter pursuant to the Tennessee court order. The Court of Special Appeals agreed with Mr. Gruber, reasoning as follows:

> "In the unusual circumstances of this case, a Maryland court decided to exercise jurisdiction over a child custody dispute that was already the subject of another court's pendente lite order giving one parent certain custodial and visitation rights. The Maryland court did so in order to address the very same pendente lite and permanent custody issues. We conclude that the Maryland court's decision to exercise home state jurisdiction was an appealable interlocutory order that changed the terms of a child custody and visitation order, because the effect of that decision was to render the Tennessee court's pendente lite order unenforceable in the state where Mr. Gruber sought to enforce it."

*Gruber v. Gruber*, 141 Md.App. 23, 36–37, 784 A.2d 583, 591 (2001). On the merits, the Court of Special Appeals found that Mr. Gruber had offered sufficient evidence to establish that Ms. Gruber may be equitably estopped from invoking a Maryland court's jurisdiction. *Id.* at 53, 784 A.2d at 600. The intermediate appellate court remanded the case to the Circuit Court for that court to determine whether Ms. Gruber engaged in such conduct that she should be denied access to the Maryland courts. *Id.* We granted Ms. Gruber's timely petition for writ of certiorari. *Gruber v. Gruber*, 367 Md. 722, 790 A.2d 673 (2002).

---

**2.** Maryland Code (1957, 1998 Repl.Vol., 2001 Supp.) § 12–303(3)(x) of the Courts and Judicial Proceedings Article reads in pertinent part:

"A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:

\* \* \*

(3) An order:

\* \* \*

(x) Depriving a parent, grandparent, or natural guardian of the care and custody of his child or changing the terms of such an order."

## II.

 This Court has often stated that, except as constitutionally authorized, appellate jurisdiction "is determined entirely by statute, and that, therefore, a right of appeal must be legislatively granted." *Kant v. Montgomery County*, 365 Md. 269, 273, 778 A.2d 384, 386 (2001). Where appellate jurisdiction is lacking, the appellate court will dismiss the appeal on its own motion. *Highfield Water Co. v. Washington County Sanitary Dist.*, 295 Md. 410, 414, 456 A.2d 371, 373 (1983).

 It is well settled that with exceptions not relevant here, an appeal may be taken to the Court of Special Appeals under Maryland Code (1957, 1998 Repl.Vol., 2001 Supp.) § 12–301 of the Courts and Judicial Proceedings Article only from a "final judgment entered in a civil or criminal case by a circuit court." *See Taha v. Southern Mgmt. Co.*, 367 Md. 564, 790 A.2d 11 (2002); *O'Brien v. O'Brien*, 367 Md. 547, 790 A.2d 1 (2002). Except for the limited category of exceptions codified in § 12–303 or under the collateral order doctrine, an appeal will not lie from an interlocutory order entered in a civil case. *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 713, 752 A.2d 200, 213 (2000). We have often stated that the underlying policy of the final judgment rule is to avoid piecemeal appeals. *See Brewster v. Woodhaven Bldg. & Dev.*, 360 Md. 602, 616, 759 A.2d 738, 745 (2000). Whether a matter is appealable is a jurisdictional matter and may be raised by an appellate court even if not noted by the parties. *See, e.g., In re Franklin P.*, 366 Md. 306, 326, 783 A.2d 673, 685 (2001).

 A ruling of the circuit court, to constitute a final judgment, must, among other things, be an "unqualified, final disposition of the matter in controversy." *Rohrbeck v. Rohrbeck*, 318 Md. 28, 41, 566 A.2d 767, 773 (1989). An order merely assuming jurisdiction in a matter does not constitute such a decision. Neither party in this case argues that the order that is the subject of this appeal is a final order; they both agree that the order is interlocutory in nature.[3] None-

---

3. Neither party argues that the order is appealable under the collateral order doctrine.

theless, the Court of Special Appeals found that the order was immediately appealable on the grounds that it deprived Mr. Gruber, a parent, of the care and custody of his child and, therefore, it fit under the exception set forth in § 12–303(3)(x). We disagree and conclude that such an order does not deprive a parent of care and custody of a minor child.

A trial court's decision to deny a challenge to its jurisdiction does not settle or conclude the rights of any party or deny the party the means of proceeding further. *See Eisel v. Howell,* 220 Md. 584, 155 A.2d 509 (1959). Therefore, the Circuit Court's denial of Mr. Gruber's challenge to the court's jurisdiction did not deprive Mr. Gruber of the care and custody of his child or change the terms of such an order, and, as such, the Circuit Court's decision does not constitute an appealable interlocutory order under § 12–303(3)(x).

We have held that a trial court's order denying a challenge to its jurisdiction is a nonappealable interlocutory order. In *Eisel v. Howell,* 220 Md. 584, 155 A.2d 509 (1959), builders of a dwelling sought to enforce a mechanic's lien. The owners, in a motion to dismiss the bill and for summary decree, claimed that the failure of the builders to seek arbitration, as allegedly required by the contract between the parties, ousted the Circuit Court of jurisdiction. The Circuit Court held that the court would retain jurisdiction but stay the proceedings "until the parties had had reasonable opportunity to comply with the arbitration provisions...." *Id.* at 586, 155 A.2d at 510. The owners appealed the Circuit Court's holding. We dismissed the appeal on the following basis:

"The denial of a challenge to the jurisdiction does not settle or conclude the rights of any party or deny him the means of proceeding further. It settles nothing finally. An order which does none of these things is not appealable.... Whenever a court makes a disposition or order, it does so on the basis that it has jurisdiction, and if its express announcement of that fact constituted an appealable order, it

would be impossible for a court to proceed with the trial of any case in which its jurisdiction was challenged."

*Id.* at 586, 155 A.2d at 510–11.

In *Highfield Water Co. v. Washington County Sanitary District,* 295 Md. 410, 456 A.2d 371 (1983), Highfield Water Company (HWC) filed suit against the Washington County Sanitary District (WCSD) in the United States District Court for the District of Maryland. Later, WCSD filed a condemnation petition in the Circuit Court for Washington County, Maryland. HWC moved to dismiss the case on the basis that the Circuit Court lacked jurisdiction. The trial court denied the motion and ordered HWC to respond on the merits. HWC chose to immediately appeal to the Court of Special Appeals, which assumed jurisdiction. After the Court of Special appeals affirmed the trial court's decision, HWC filed a petition for a writ of certiorari with this Court. We held that the appeal to the Court of Special Appeals was taken from a nonappealable interlocutory order, that the Court of Special Appeals therefore lacked appellate jurisdiction, and that its judgment should be vacated. We reasoned as follows:

"Here, HWC's motion raising preliminary objection constituted a challenge to the trial court's jurisdiction over the subject matter. Manifestly, the trial court had jurisdiction to determine the question of its own jurisdiction. The trial court's determination that it had jurisdiction over the subject matter did not settle or conclude HWC's rights or deny it the means of proceeding further. Thus, the trial court's refusal to dismiss the condemnation case constituted a nonappealable interlocutory order."

*Id.* at 416–17, 456 A.2d at 374 (citations omitted).

A trial court's denial of a challenge to its jurisdiction does not settle or conclude the rights of any party. Therefore, the Circuit Court's assumption of jurisdiction did not deprive Mr. Gruber of the care and custody of his child or change the terms of such an order. Accordingly, no appeal lies. The appeal was premature and it should have been dismissed by the Court of Special Appeals.

JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY DAVID GRUBER.